NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK R. FINNEGAN, | No. 16-55269 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-01770-CJC-DFM |
| v. | |
| CITI, DBA Citi Bank N.A., DBA Citi Corp Credit Services, DBA Citi Financial, DBA Citi Group, DBA Citi Mortgage, DBA Citi Retirement, DBA Citibank, DBA Citicorp, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Jack R. Finnegan appeals pro se from the district court's summary judgment

in his action alleging federal and state law claims arising out of Citibank, N.A.'s

("Citibank") handling of two retirement accounts. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (summary judgment); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (denial of motion to remand). We affirm.

The district court properly granted summary judgment on Finnegan's 42 U.S.C. § 1983 claims because Finnegan failed to raise a genuine dispute of material fact as to whether Citibank was acting under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-96 (9th Cir. 2003) (describing criteria used to evaluate whether a defendant is a state actor).

The district court properly granted summary judgment on the remaining claims pled in the complaint because Finnegan failed to raise a genuine dispute of material fact as to whether Citibank's conduct resulted in actual damages. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 482-83 (1985) (civil RICO); *Lee v. Hanley*, 354 P.3d 334, 344 (Cal. 2015) (conversion); *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (breach of fiduciary duty; breach of contract); *Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 917 (Cal. 1997) (fraud); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) (civil conspiracy); *see also Weinberg v. Whatcom County*, 241 F.3d 746, 751-52 (9th Cir. 2001) (affirming summary judgment where plaintiff "failed to offer competent evidence of damages" for all claims for which plaintiff "bore the burden of establishing the amount of actual harm").

16-55269

The district court properly denied Finnegan's motion to remand his action to state court because the district court had subject matter jurisdiction under 28 U.S.C. § 1331, and the action was properly removed under 28 U.S.C. § 1441. *See Ethridge*, 861 F.2d at 1394 ("When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court.").

We do not consider Finnegan's claim under 42 U.S.C. § 1985 because it was not pled in his complaint. *See Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 198-99 (9th Cir. 1995) (concluding that legal theories not asserted in the plaintiff's complaint are waived).

We reject as without merit Finnegan's contentions that the district court was biased and that it lacked personal jurisdiction over him, and that appellee's answering brief violated various Federal Rules of Appellate Procedure.

Finnegan's requests for costs and for sanctions, set forth in the opening and reply briefs, are denied.

**AFFIRMED.**

16-55269